07 CV 7086

JUDGE DANIELS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

SONIA BLANCO-GLASSMAN,

                    Plaintiff,               CIVIL ACTION NO. 07

- against -

UNITED STATES OF AMERICA,

                    Defendant.

-----------------------------------------------------X

**RECEIVED U.S.D.C. S.D. N.Y. CASHIERS**

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

       Plaintiff, SONIA BLANCO-GLASSMAN, hereinafter sometimes referred to as "Plaintiff" and files this her **Plaintiff's Original Complaint** complaining of the UNITED STATES OF AMERICA, hereinafter sometimes referred to as "Defendant" and would respectfully show the Court the following:

I

## PARTIES, JURISDICTION, SERVICES OF PROCESS, AND VENUE

      1.1     This is a medical malpractice case involving severe injuries and complications suffered by the Plaintiff.

      1.2   Plaintiff, SONIA BLANCO-GLASSMAN, resides at 2165 Matthews Avenue, Bronx, New York 10462.

      1.3     The Defendant is the United States of America.

      1.4     This Federal District Court has jurisdiction of this cause, because this action is brought pursuant to and in compliance with 28 U.S.C. §§1346(b), 2671-2680 et seq., commonly

known as the "Federal Tort Claims Act", which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

1.5    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and of the Complaint on Michael J. Garcia, United States Attorney for the Southern District of New York, by certified mail, return receipt requested at his office United States Attorney, Southern District of New York, 86 Chambers Street, Third Floor, New York, New York 10007, to the attention of the Civil Process Clerk, and by serving a copy of the Summons and Plaintiff's Original Complaint on Alberto R. Gonzalez, Attorney General of the United States, by certified mail, return receipt requested, at the Attorney General's Office, 10th and Constitution Avenue N.W. Washington, D.C. 20530, to the attention of the Civil Process Clerk

1.6    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), as the United States is a Defendant and all of the events or omissions giving rise to the claim occurred in this district.

II

LIABILITY OF THE UNITED STATES OF AMERICA

2.1  This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§ 2671-2680, commonly referred to as the "Federal Tort Claims Act". Liability of the United States is predicated specifically on Title 28 U.S.C. §§ 1346(b)(1) and 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America at Bronx-Lebanon Hospital Center, a subgrantee of the Bronx-Lebanon Integrated Services System, which is an agent of the Defendant under the

Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C §233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995 42 U.S.C. § 201.

III

LIABILITY OF THE UNTIED STATES OF AMERICA

3.1    Plaintiff pleads pursuant to Title 28 U.S.C §§ 2672 and 2575(a), that the claims set forth herein were filed with and presented administratively to the Defendant's agency the United States Department of Health & Human Services on January 16, 2007. Greater than six months has passed since the filing of these claims, and the Department of Health & Human Services has failed to resolve the claim. Thus, said claims are deemed denied. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to commencement and prosecution of this litigation.

IV

BRONX-LEBANON INTEGRATED SERVICE SYSTEM IS AN AGENT OF THE

UNITED STATES

4.1    Bronx-Lebanon Integrated Service System is a facility insured under the Federally Supported Health Centers Assistance Act of 1992, 42 U.S.C §233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995 42 U.S.C. § 201. The United States of America, Defendant herein, through it agency, Bronx-Lebanon Integrated Service System, owned, operated and controlled the Bronx-Lebanon Hospital Center, and through its agency, the United States Department of Health & Human Services, staffed said health care facilities with its agents, servants, and/or employees. Bronx-Lebanon Integrated Service Systems and Bronx Lebanon Hospital Center are physically located within the borders of New York.

V

EMPLOYMENT AND COURSE OF SCOPE

5.1   At all times material hereto, all persons involved in the medical and health care services provided to plaintiff at the Bronx-Lebanon Integrated Service System, were agents, servants, and/or employees of the United States of America, and were at all times material hereto, acting within the course and scope of such employment.

VI

FACTS

6.1   This is a Federal Tort Claims Action for monetary damages sustained by the Plaintiff resulting in personal injuries suffered by Plaintiff as a result of substandard, and therefore, negligent medical care.

6.2     On or about January 21, 2005, SONIA BLANCO-GLASSMAN, a then 56 year-old female, underwent a routine bilateral screening mammography and breast ultrasound performed at Bronx Lebanon Integrated Service System/Bronx Lebanon Hospital Center, which was ordered by AJAY K. SHAH, M.D ("Dr. Shah")  and interpreted by HELEN MOREHOURSE, M.D. ("Dr. Morehouse")

6.3.     Plaintiff was notified that her mammogram was negative. However, the plaintiff was not notified of the results of the breast ultrasound which was interpreted by Dr. Morehouse as demonstrating an "[i]ndeterminate mass in the right breast at the nine o'clock position, repeat ultrasound guided biopsy is recommended. BIRADS category 4.  This report should be faxed to the patient's physician Dr. AK Shah."

6.4     Plaintiff is employed as a clerk at the hospital and passed Dr. Shah in the hallway.

Dr. Shah told her that "everything was fine" and that she should come back in a year. Plaintiff attempted to make her appointment in July of 2006, but could not obtain an appointment with Dr. Shah until September 22, 2006.

6.5    At the September 22, 2006 office visit, Dr. Shah reviewed the findings of the previous years studies, including the positive ultrasound. Thereafter, the plaintiff was referred for a further mammogram and breast ultrasound. Again the ultrasound demonstrated the presence of a "[m]alignant appearing mass at the nine o'clock position, patient scheduled for ultrasound guided biopsy 9/28/06 @ 9a.m. BIRADS category 5. This report was faxed to the patient's physician AK Shah". A biopsy was then performed and pathological examination determined that the plaintiff had breast carcinoma.

6.6    Plaintiff underwent a lumpectomy on November 15, 2006, and pathological examination demonstrated the presence of invasive carcinoma.

VI

## CAUSE OF ACTION AGAINST THE UNITED STATES OF AMERICA

7.1    Defendant, the United States of America, was negligent in their care and treatment of SONIA BLANCO-GLASSMAN in the following ways, including but not limited to:

1. Failing to properly and timely care for SONIA BLANCO-GLASSMAN;
2. Failing to properly and timely diagnose SONIA BLANCO-GLASSMAN's breast cancer;
3. Failing to properly and timely monitor SONIA BLANCO-GLASSMAN;
4. Failing to properly and timely inform SONIA BLANCO-GLASSMAN of the positive breast ultrasound findings as noted by Dr. Morehouse
5. Failing to properly and timely inform SONIA BLANCO-GLASSMAN that she had findings consistent with and/or indicative and/or suggestive of breast carcinoma which required further investigation;
6. Failing to properly and timely treat SONIA BLANCO-GLASSMAN's breast cancer;
7. Failing to refer SONIA BLANCO-GLASSMAN to appropriate specialists, including a breast surgeon and oncologist;
8. Failing to properly and timely administer indicated and necessary treatments to

SONIA BLANCO-GLASSMAN

7.2     At all times mentioned herein, the employees, agents, and/or representatives of

the United States Government were negligent and proximately caused all of the injuries and

damages sustained by Plaintiffs.

VIII

DAMAGES

8.1     As a direct and proximate result of Defendant's negligent acts and/or omissions,

Plaintiff SONIA BLANCO-GLASSMAN, incurred damages, including but not limited to, the

following:

1. Delay in diagnosis of Plaintiff's breast cancer.
2. Loss of a chance for cure.
3. Need for extensive surgery and medical treatments.
4. Pain and Suffering.
5. Mental Anguish secondary to the negligence of the Defendant.
6. Emotional distress secondary to the negligence of the Defendant.
7. Loss of enjoyment of life.
8. Reduced life expectancy.
9. Cancerphobia.

IX

MEANING OF "DEFENDANT"

9.1     In this complaint, whenever the term "Defendant" is used, it means Defendant,

Defendant's officers, agents, servants, employees, and/or representatives. Whenever in this

complaint it is alleged that Defendants did any act or thing, it is meant that Defendant,

Defendant's officers, agents, servants, employees and/or representatives did such act or thing,

and that at the time of such act or thing was done, it was done with the full authorization and

ratification of Defendant and was done in the normal and routine course and scope of

employment of Defendant's officers, agents, servants, employees and/or representatives.

Whenever in this complaint it is alleged that Defendant omitted any act or thing, it is meant that Defendant, Defendant's officers, agents, servants, employees, and/or representatives omitted such act or thing.


X

<u>PRAYER</u>


WHEREFORE, PREMISES CONSIDERED, the Plaintiff request that the Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing hereof, the Plaintiff have judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show proper amendment before trial; for post judgment interest as the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiff may show themselves entitled and to which the Court believes them deserving.

Respectfully submitted,

Duffy, Duffy & Burdo, Esqs.
*Attorneys for the Plaintiff*

By: _____
JAMES N. LiCALZI
(JNL 6490)
1370 RexCorp Plaza
Uniondale, NY 11556
Tel.: (516) 394-4200
Fax: (516) 394-4229