USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 25 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2734
Facsimile: (212) 637-2686

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
SONIA BLANCO-GLASSMAN,

    Plaintiff,

-against-

UNITED STATES OF AMERICA,

    Defendant.
-------------------------------------------------------- x

ECF Case

07 Civ. 7086 (GBD)(JCF)

**CONSENT NOTICE OF VOLUNTARY DISMISSAL**

    WHEREAS, on or about August 9, 2007, Plaintiff Sonia Blanco-Glassman filed Plaintiff's Original Complaint (the "Complaint") in the above-captioned action against defendant the United States of America (the "Government") seeking monetary relief pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 for "personal injuries and resulting damages ... proximately caused by the negligence, wrongful acts and/or omissions of employees of the Untied States of America at Bronx-Lebanon Hospital Center," specifically, Ajay K. Shah, M.D. and Dr. Helen Morehouse, M.D.;

    WHEREAS, the Federal Tort Claims Act (the "FTCA") effects a waiver of the United States' sovereign immunity only for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee," 28 U.S.C. § 2679(b)(1);

    WHEREAS, the Public Health Service Act likewise provides that the "remedy

against the United States provided by [the FTCA] ... for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions ... by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim," 42 U.S.C. § 233(a);

WHEREAS, the Federally Supported Health Center Assistance Act ("FSHCAA") extends the waiver of the sovereign immunity under the FTCA only to entities, employees or contractors "deemed to be an employee of the Public Health Service" by the Secretary of the United States Department of Health and Human Services, 42 U.S.C. § 233(g);

WHEREAS, on or about October 10, 2007, a representative of the Secretary of Health and Human Services determined that none of the care alleged in the Complaint to have been rendered to Plaintiff took place at a site covered by the FSHCAA and that Dr. Shah and Dr. Morehouse, at the relevant times, were not "deemed" employees of the Public Health Service, see October 10, 2007 Letter of Richard G. Bergeron to Lisa Bronikowski, attached hereto at Exhibit A;

WHEREAS, in light of the foregoing, subject matter jurisdiction does not exist over any claim against the United States based on the allegations in the Complaint; and

WHEREAS, Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action," Fed. R. Civ. P. 41(a)(1);

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the Plaintiff and the Government that:

1. Any and all of the claims asserted in this action against the United States of America pursuant to the FTCA are voluntarily dismissed, with prejudice, pursuant to Rule 41(a)(1) of the Federal

Rules of Civil Procedure, without costs or attorney's fees to any party; and

2. The parties understand and agree that this stipulation contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included herein shall be of any force or effect.

Dated: Uniondale, New York
October 23, 2007

DUFFY, DUFFY & BURDO, ESQS.
1370 RexCorp Plaza
Uniondale, New York 11556
ATTORNEY FOR PLAINTIFF

By: /s/ James N. LiCalzi
JAMES N. LiCALZI, ESQ.
Tel: (516)394-4200

Dated: New York, New York
October 23, 2007

MICHAEL J. GARCIA
United States Attorney for the Southern District of New York
ATTORNEY FOR DEFENDANT
UNITED STATES OF AMERICA

By: /s/ Li Yu
LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2734

SO ORDERED:

OCT 25 2007

/s/ George B. Daniels
HON. GEORGE B. DANIELS
U.S.D.J.

3